Mr. J. Randy Young, P.E. Executive Director Arkansas Soil Water Conservation Commission 101 East Capitol, Suite 350 Little Rock, Arkansas 72201
Dear Mr. Young:
This is in response to your request for an opinion regarding voluntary taxes. In your correspondence, you specifically reference Op. Att'y Gen. No. 92-083 in which it was opined that county quorum courts have the authority to levy a voluntary tax for the benefit of conservation districts as long as the districts are public entities, rather than private nonprofit corporations. You note that many conservation districts have indicated to you that they are having difficulty in working with county officials to establish such a tax, as there is disagreement about the proper procedure for putting such a tax in place. With regard to these matters, you have inquired as to the proper procedure for establishment of a voluntary tax which will be used for the benefit of a conservation district.
As noted in Op. Att'y Gen. No. 92-083, "voluntary taxes" are mentioned in A.C.A. 26-25-106(a) (Repl. 1992), which provides in pertinent part the following:
 Whenever the electors of any county of this state may levy a voluntary tax, it shall be unlawful for the county judge, the county court, or any other county official to use or allocate any moneys derived from any voluntary tax for purposes other than for which it was levied and collected. [Emphasis added.]
Arkansas Code Annotated 26-73-103(a) (1987) was also cited in Op. Att'y Gen. No. 92-083 as authority for levying a voluntary tax for the benefit of a conservation district. That provision states the following:
 In addition to all other authority of local governments to levy taxes provided by law, any county, acting through its quorum court, or any municipality, acting through its governing body, may levy any tax not otherwise prohibited by law. However, no ordinance levying . . . any tax not authorized shall be valid until adopted at a special or general election by the qualified electors of the city or in the area of the county where the tax is to be imposed, as the case may be.
While at first glance it might appear that the foregoing provision would require a special or general election for establishment of a voluntary tax, it is my opinion that a voluntary tax for the benefit of a conservation district can be established by passage of an ordinance by a county quorum court without such an election. This opinion is based on the fact that the foregoing provision requires elections for "any tax not authorized," and as voluntary taxes are implicitly authorized or at least contemplated by the General Assembly in A.C.A. 26-25-106(a), as set forth above, the election provisions in A.C.A. 26-73-103(a) are, in my opinion, inapplicable to such taxes. This determination seems further compelled by the fact that it would seem contrary to common sense to require an election for a tax which would be paid by the citizens of the county on a strictly voluntary basis.
Since, as I have stated above, it is my opinion that a voluntary tax can be established by ordinance of the county quorum court, reference should generally be made to A.C.A.14-14-905 and 14-14-907 (1987) regarding the procedures for adoption of ordinances by county quorum courts. It should also be noted that the electors of a county can exercise the powers of initiative and referendum, as provided for in Amendment 7 of the Arkansas Constitution, in order to establish such a tax. See also A.C.A. 14-14-905(a) (1987); A.C.A. 26-25-106(a) (as set forth above and stating "[w]henever the electors of any county of this state may levy a voluntary tax . . . "; this section seems to contemplate a measure initiated by the people). In this regard, A.C.A. 14-14-914(c) (1987) provides the following:
 The qualified electors of each county may initiate and amend ordinances and require submission of existing ordinances to a vote of the people by petition if signed by not less than fifteen percent (15%) of the qualified electors voting in the last general election for the office of circuit clerk, or the office of Governor where the electors have abolished the office of circuit clerk. [Emphasis added.]
All petitions for initiated county measures are required to be filed with the county clerk "not less than sixty (60) calendar days nor more than ninety (90) calendar days prior to the date established for the next regular election." A.C.A.14-14-915(b)(1) (1987). Measures initiated by the people may only be submitted for a vote at regular or general elections. See Amendment 7. For further requirements and procedures relating to initiated measures and for the requirements relating to referendum, reference should be made to Amendment 7 and to A.C.A. 14-14-914 to -918 (1987).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh